# RICHMOND *et als. v.* SACRAMENTO VALLEY RAILROAD COMPANY.

In this State a railroad company is responsible for damages done cattle by running over them on the track, if the accident could have been avoided by ordinary care and prudence on the part of the company; and this, though the owner of the cattle permits them to run at large near the line of the railroad.

But if in such case the agents of the company could not, by ordinary care and prudence, prevent the accident, then the company is not responsible.

There is no statute in this State requiring railroad corporations to fence in their track.

The rule, held in some authorities, that where the act of injury has been caused by the negligence of the party injured, he has no redress, commented on and qualified.

*Held,* that the negligence which disables a plaintiff from recovering must be a negligence which directly or by natural consequence conduces to the injury.

Whether due diligence and care, or negligence exist in a particular case, is a fact for the jury.

APPEAL from the Sixth District.

The facts sufficiently appear in the opinion of the Court. Defendants had judgment; plaintiffs appeal.

*Rayle & Hill,* for Appellants, in support of propositions substantially the same with the conclusions reached by this Court, cited 1 Denio, 100; 3 Ohio, 184, 189, 197; 1 American Railway cases, 257; 2 Id. 120–123; 7 Pick. 198; 4 Paige, ch. 552; 24 Vt. 488; 9 Cal. 258.

*Thos. Sunderland,* for Respondents.

Richmond v. Sacramento Valley Railroad Company.

1. The general rules of law applicable to common carriers in case of injury to passengers and loss of goods transported have no application to this case.

The railroad company is liable as any other person for trespass, and not otherwise. (*Chicago & Miss. R. R. Co.* v. *Patchin*, 16 Ill. 202.)

2. If the act of plaintiffs concurred with that of defendants to produce the injury, the law will not aid them in obtaining redress. (*Rathburn* v. *Payne*, 19 Wend. 399; *Bradley* v. *Waterhouse*, 3 Can. & R. 318; *Locke* v. *Seward*, 4 Id. 106; *Brown* v. *Maxwell*, 6 Hill, 592; *Munger* v. *T. R. R. Co.* 4 Comst. 359; *Griswold* v. *Sharp*, 2 Cal. 17.)

3. The company is liable only in case of willful, malicious or gross carelessness. (*C. & Miss. R. R. Co.* v. *Patchin*, 16 Ill. 198, and authorities there cited; *C. M. Tract R. R. Co.* v. *Rockafellow*, 17 Id. 541.)

4. The right to allow cattle to run at large upon the commons does not give the right to allow them to graze or run upon the track of a railroad. (Id.)

5. The track of a railroad is not a common highway where the public have a right to travel in ordinary vehicles, or to drive or pasture stock, The public have only the right, on payment of charges, to travel and ship freight on the cars used on the road. (Id.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This action is for damages sustained by the plaintiffs in consequence of the defendants negligently and carelessly running its locomotive over and killing a cow of plaintiffs' upon the track of defendant's railroad. The plaintiffs' evidence tended to show that the cow was on the track while the cars were going at the rate of twenty or twenty-five miles an hour; that the cars did not decrease their speed when approaching the cow, and that no alarm by the bell or whistle was made until about the moment of collision; that the cow could have been seen for nearly a half mile or more ahead; and also that it was the custom for cows to run at large. It is not

necessary to notice the defendants' proof, as the propriety of the instructions here must be considered in reference to the case as made by the plaintiffs, the facts being left to the jury.

The Court instructed the jury as follows: " 1st. The plaintiffs in this case have a right to allow their cattle to run at large according to the custom of the country, but if they have located themselves in a place that is extra hazardous, they are required to exercise an extra degree of care in taking care of their cattle, and if the accident could have been prevented by the use of such care as the circumstances of the case required on the part of the plaintiffs, then they cannot recover in this case, unless you find the defendants maliciously and wantonly killed the cow.

" 2d. The defendants have the legal right to run the cars at their usual times and rate of speed, and if there was an equal degree of negligence on the part of plaintiffs and defendants, then your verdict should be for defendants.

" 3d. But if you find there was no negligence on the part of plaintiffs, and the cow was negligently and carelessly killed by defendants, then you should find for plaintiffs.

" 4th. And if there was slight negligence on the part of plaintiffs, and the defendants, willfully, maliciously and wantonly, killed the cow, then your verdict should be for plaintiffs.

" 5th. It is lawful, and the plaintiffs have the right to allow their cattle to run at large, but in doing so they must take the ordinary risks of the country, and cannot recover damages for any accident to their cattle, unless they are caused by the intentional carelessness of the parties of whom they seek to recover.

" Speed in the transit and punctuality in the arrival and departure of trains of cars upon railroads, and regularity in making their connections and stoppages, are lawful and necessary, and they have a right to thus run upon their track without fencing the same, subject, however, to all the ordinary risk of so running their cars, and they cannot recover for any accident happening to them, unless by the intentional act or inexcusable carelessness of the person of whom they seek to recover. And it follows that each party should use ordinary care in taking care of and so using his own property as not to injure the other.

" Now, if you find that plaintiffs and defendants in this case, each of them exercised ordinary care in the exercise of their rights, and used all the means in their power to prevent accident, consistent with the exercise of their rights and duties, then it was an accident, and no one is responsible, and the verdict should be for the defendants."

A verdict and judgment having been entered for the defendants, the plaintiffs appeal, and, among other things, assign these instructions as error.

The decisions upon the subject of the liability of railroads for injuries done animals upon their track are numerous, and not all of them harmonious. They are collected in the " treatise " of Judge Redfield on railways, at page 361. It is said that, where the owner of the animals is unable to show that, as against the railway, they were properly on the track, or, in other words, that it was through the fault of the company that they were enabled to come upon the track, the company are not in general liable, unless after they discovered the animals they might, by the exercise of proper care and diligence, have prevented the injury. Some of the cases go further in favor of exempting the company from liability when they were not originally at fault, and the animals were exposed to injury through the fault of the company immediately or mediately. For instance, if the animal escape into the highway, and thus get upon the track of the railway where it intersects with the highway, and is killed, the company is not liable. The author continues: " And if the animals are trespassing upon a field, and stray from the field upon the track of the railway through defect of fences, which the company are bound to maintain as against the owner of the field, and are killed, the company are not liable either at the common law or under the English statute, or upon the ground that the defendant exercised a dangerous trade. The obligation to make and maintain fences, both at common law and under the statute, applies only as against the owners or occupiers of the adjoining close.

But if the railway are bound to maintain fences as against the owner of the cattle, and they came upon the road through defect of such fences and are injured, the company are in general liable without further proof of negligence." (Suydam v. Moore, 8

Barb. 358; *Waldron* v. *Rensselaer*, and Sar. R. R. 8 Barb. 390) are cited.    But it is held in several cases (8 Ind, 402; 6 Id. 141) that where the cattle come upon the railway at a point not proper to be fenced, as at the intersection of a highway, or at a mill yard, the company are not liable for injury to them unless the plaintiff prove some fault on the part of the company's servants besides the want of fences.    In New York a statute exists making railway companies liable for all damages done to cattle, etc., until the companies shall fence their roads; it was held in *Corwin* v. *the New York and Erie Railwag*, (2 Kernan 42) that they were liable to the owner of cattle which strayed into an adjoining close where they were trespassers and thence upon the railway, or from the highway to the railway.    And that it makes no difference how the cattle came upon the railway, unless it is by the direct act or neglect of the owner, so long as the company do not fence their road according to the requirements of the statute.

In South Carolina, where there is a similar law as to fencing, the entry of a horse upon an uninclosed railway track is not considered a trespass, and the owner therefore not held guilty of such negligence as will embarrass his recovery.    (10 Rich. 52.)

It seems, however, that in this State there is no statute requiring railroad companies to fence in their track; at least, we have been referred to none, and we do not find any such upon our statute books.    The liability here, therefore, is irrespective of any legislative provision of this sort.

Although we have held that cattle may run at large in this State, and that there is no legal requirement to the confining them upon his premises by the owner, yet it does not follow from this that a man or a corporation is answerable for the natural consequences of their intrusion into a situation where they may be exposed to danger.    But the mere fact that they do or are allowed to go at large and get upon a railroad track does not justify the owners or directors of a railway corporation or its agents and servants to do them willful wrong or subject them to injury, when reasonable exertions to prevent it would prove effectual.    It is true, it has been held in some instances that where the act of injury has been caused by the negligence of the party injured, then he has no redress; and that

it has been held in some cases (14 Barb. 364; 13 Id. 497; 14 B. Monroe, 75) to be gross negligence for the owner of the cattle to suffer them to go at large in the vicinity of a railway, whether the same be fenced or not.    But in *Housatonic Railway* v. *Waterbury*, (23 Conn. 101) it was held that where a track ran through the premises of plaintiff he was not chargeable with gross negligence in letting them run on his land unfenced, unless he knew they were accustomed to keep near the track—thus imposing a duty of watchfulness on both parties.    *Beers* v. *Housatonic Railroad Co.*, (19 Conn. 566) is an instructive case, in which the question of negligence and the effect of it in this connection are fully considered. The Court in that case, after reviewing numerous authorities, lay down the rule, as held in *Butterfield* v. *Forrester*, (11 East. 60): "That, although there may have been negligence on the part of the plaintiff, *yet unless he might, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence,* he is entitled to recover; if by ordinary care he might have avoided them, he is the author of his own wrong.    This is the only way in which the rule as to the exercising of ordinary care is applicable to questions of this kind."    *Lynch* v. *Nurdin* (1 Adol. & Ellis, N. S. 30) is cited with approbation.    This is a case in which a boy sustained an injury by getting into a cart without permission; he sustained the injury by the act of another in carelessly driving against the cart.    But for his own unlawful act he would have sustained no injury, and this was urged in defense.    Lord Denman, Chief Justice, in giving the opinion of the Court, says: "In the present case the fact appears that the plaintiff has done wrong; he had no right to enter the cart; and abstaining from doing so he would have escaped the mischief; certainly he was a coöperating cause of his own misfortune by doing an unlawful act; and the question arises whether that fact alone must deprive the child of his remedy.    The legal proposition that one who has by his own negligence contributed to the injury of which he complains, cannot maintain his action against another in respect of it, has received some qualifications.    Indeed, Lord Ellenborough's doctrine in *Butterfield* v. *Forrester*, which has been generally adopted since, would not set up the want of a superior degree of skill or care as a bar

to the claim for redress.   Ordinary care must mean that degree of care which may reasonably be expected from a person in the plaintiff's situation; and this would evidently be very small indeed in so young a child.   But this case presents more than the want of care. We find in the positive misconduct of the plaintiff, an active instrument towards the effect.   We have here express authorities for our prudence.   And after referring to the cases of *Flott* v. *Wilkes*, (3 B. & Ald. 304; 5 E. C. L. 295) *Bird* v. *Holbrook* (*ubi supra*) and *Dean* v *Clayton* (7 Taunt. 489) he says: " *Bird* v. *Holbrook* is a decisive authority against the general proposition, that misconduct, even willful and culpable misconduct, must necessarily exclude the plaintiff who is guilty of it, from a right to sue.   I remember being present at a trial at Warwick, before Lord Chief Baron Richards, where the same law prevailed.   The case is mentioned in *Bird* v. *Holbrook*.   A boy having received serious injury from a spring gun placed in a garden, where he was trespassing, recovered a verdict for one hundred and twenty pounds damages, which was much considered and never disturbed.   The verdict was sustained on the ground that the plaintiff, under the circumstances, was not guilty of a want of ordinary or reasonable care, notwithstanding his misconduct in producing the injury."

We do not understand that the negligence of the plaintiff, which bars him of his right to recover, necessarily, or, perhaps, usually, refers to an act which is the remote cause of the injury.   Thus, if a man were impertinently to intrude himself into a private house, we cannot see that he would not be protected equally with an invited guest from acts of negligence on the part of others endangering his personal safety.   We apprehend that the inquiry in reference to negligence on the part of the plaintiff relates to such negligence as is proximate and directly connected with the act causing the injury.   If, for example, A's horse is suffered negligently to escape from the stable, we apprehend B could not be justified in driving over him, merely from the fact that but for the negligence of A, the horse would not have been where he was at the time of the accident.   The negligence, in other words, which disables the owner to sue, must be a negligence which directly or by natural consequence conduces to the injury.   It is not easy for us

to see, therefore, that the mere fact that a party suffers his cows to go at large near the line of a railroad, is guilty of such negligence as to excuse the corporation from reasonable diligence and care to avoid injury to them when they happen to be upon the track. The suffering of them to go at large, certainly is not the usual or natural cause of such an injury; such a result would not probably happen once in a thousand, or perhaps ten thousand times. Even if upon the track at the time the train is passing, the usual precautions might suffice to drive them away, and these precautions should, it seems to us, in justice be observed. We think this is the true rule. Thus in *Williams* v. *Michigan Central Railway* (2 Michigan, 259) it is said that the company cannot be held unless the lawful right of running the train was exercised without a proper degree of care and precaution (*Garis* v. *Portsmouth Railroad Company*, 2 Ired, 324; 4 Ohio, 424). So in 14 B. Monroe, 75, the expression is the same in effect, "unless the injury could have been avoided with reasonable care." The learned author of the Treatise on Railways, p. 365, seems to concur in this view.

Whether due diligence or negligence has been shown, is a question of fact for the jury, depending upon the particular circumstances. If this cow could have been seen at some distance by the conductor to be on the track, and if he could have managed to get her off the track unhurt, by the employment of the usual means, it would be negligence to go on and throw her from the track, and the corporation would be responsible if he failed to employ these means. If suddenly, without notice, she ran upon the track, and by ordinary and usual care the collision could not be avoided, then the corporation would not be liable; the rule being that the corporation is responsible for ordinary care and prudence to avoid an accident of this sort, and no more.

The case was not put to the jury in this light, and the judgment must be reversed and the case remanded.