[Sac. No. 173.    Department Two.—May 1, 1897.]

## EARL FRUIT COMPANY, Appellant, *v.* MARIE A. CURTIS et al., Respondents.

Contract as to Grape Crop—Action for Breach—Cross-complaint—Conflicting Evidence—Question for Jury—Improper Instruction. In an action for damages for breach of a contract to deliver grapes to be shipped and marketed by the plaintiff for the defendant, where the defendant denied the breach, and by a cross-complaint counterclaimed damages from the plaintiff for failure to receive and ship the grapes, where there was conflicting evidence as to whether the defendant, through an agent, had excused performance by the plaintiff, and the plaintiff's contention was that the grapes were unfit for shipment, and that nothing could be realized upon them by shipping, and that defendant's agent agreed to this, and refused to deliver them for shipment, such contention, if true, was a complete defense to defendant's counterclaim for damages, unless defendant established the contention that the unfitness of the grapes for shipment resulted from the fact that they were overripe, and that plaintiff had refused to receive and ship them at a proper time; and the determination as to which contention was right under the evidence was for the jury; and it was error for the court to take the matter from the jury by an instruction that if the plaintiffs failed to pack the grapes and ship them as they had agreed, it was their duty to find for the defendant in any sum that they find from the evidence that the defendant has been damaged by the failure of the plaintiff to comply with the contract, thereby ignoring the special defense to the defendant's counterclaim.

Id.—Prejudicial Error—Conflicting Evidence as to Agency.—Where there was conflicting evidence as to the agency for the defendant of the person claimed to have agreed for defendant that the grapes need not be shipped, the court could not assume that he was without authority, and it cannot properly be urged that the error in the instruction ignoring the special defense to the defendant's counterclaim was not prejudicially erroneous for want of authority on the part of such agent to represent the defendant.

Id.—Agreement to Ship and Market Grapes — Counterclaim — Inspection of Grapes—Caveat Emptor—Inapplicable Instruction. The doctrine of *caveat emptor* does not apply to an agreement to ship and market grapes for another, there being no purchase thereof by the shipper; and in an action upon such contract for failure to deliver the grapes, where defendant counterclaimed damages for failure of plaintiff to receive and ship them, it is error to instruct the jury that if plaintiff's agents inspected the grapes before entering into the contract, plaintiff cannot urge that the grapes were not fit to ship, or object to their quality.

Id.—Breach by Plaintiff — Damages — Evidence — Condition and Quality of Grapes.—Notwithstanding the inspection of the grapes by the plaintiff's agents and conceding a breach of the contract by plain-

tiff, it may be shown that without fault on plaintiff's part, the grapes were in such a condition or of such inferior quality, that they would realize nothing if shipped, and that defendant has suffered no damage.

ID.—MARKET PRICE OF GOOD GRAPES— PROOF OF QUALITY.—Under a contract to ship and market Malaga grapes of fair quality, the owner of the grapes is not entitled to the price which could have been realized for such grapes without proof that the grapes to be shipped were of that quality, and it may be shown by the person agreeing to ship and market them, that they were of inferior quality.

ID.—NEGLECT OF SHIPPER—QUALITY, HOW DETERMINED.—If the shipper without excuse, neglected to make timely shipment of the grapes, the quality of the grapes is to be determined by their condition when they should have been shipped.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. J. R. WEBB, Judge.

The facts are stated in the opinion of the court.

*Frank H. Short*, for Appellant.

The court erred in instructing the jury that the plaintiff under no state of the case could be allowed to say anything about the quality of the grapes, even in mitigation of the damages claimed by the defendants. (3 Am. & Eng. Ency. of Law, p. 901; *Powell* v. *Day*, 12 Or. 488; Civ. Code, sec. 1689, subd. 4.) It was error for the court to charge the jury that it was for them to say what amount the defendants were entitled to recover, and that the plaintiff was liable for the value of the goods at the time of the demand made. (*Lubert* v. *Chauviteau*, 3 Cal. 458; 58 Am. Dec. 415; *Cox* v. *McLaughlin*, 52 Cal. 590.)

*George E. Church*, for Respondents.

The charge of the jury must be taken as a whole, and when so taken it shows that the case was fairly presented to the jury and, therefore, the verdict should not be disturbed. (*Dwinelle* v. *Henriquez*, 1 Cal. 387; *Carrington* v. *Pacific Mail etc. Co.*, 1 Cal. 475; *Davis* v. *Button*, 78 Cal. 247; *Hanscom* v. *Drullard*, 79 Cal. 234.)

TEMPLE, J.—This appeal is from the judgment and from an order denying a new trial.

Plaintiff sued to recover damages for the alleged breach of a written contract, by the terms of which the defendant, Marie A. Curtis, agreed to deliver to plaintiff at its packing house in Fresno all of her Malaga grapes, not less than eighty tons, then growing on her premises, as soon as they should be in a suitable condition for shipment, or on demand of plaintiff, to be shipped by plaintiff and marketed for said defendant. Plaintiff agreed to furnish boxes, and to pack, ship, and market the fruit promptly on delivery and to account therefor within thirty days from the delivery of the fruit. It is averred that the plaintiff advanced to defendant on account of the grapes which were to be delivered under the contract four hundred dollars, and that defendant delivered only 9,218 pounds of grapes, and wholly failed and refused to deliver the residue, to wit, 150,728 pounds. Judgment is demanded for the damages suffered by such failure, for the money advanced and for some expenses incurred by plaintiff in attempted performance of the contract.

For answer the defendant, Marie A. Curtis, denies the material allegations of the complaint, and as a separate defense avers that the plaintiff refused to receive and ship the grapes according to contract.

Said defendant also filed a cross-complaint, in which she claimed damages for the failure of plaintiff to receive and ship the grapes.

The case was tried by a jury, which found for the said defendant, and assessed her damages at six hundred dollars.

At the trial the plaintiff attempted to prove that the defendant, Marie A. Curtis, refused to deliver the grapes because they were unfit for shipment, and that the grapes were unfit and unsuitable for the eastern market, and in consequence thereof it was agreed between plaintiff and defendant's agent that they should not be shipped, but that defendant should repay to plaintiff the moneys advanced by it.

The defendant denied that she refused to deliver the

grapes, or consented that they should not be shipped, and contends that they were suitable for shipment, and that plaintiff wrongfully refused to receive them, and that if when plaintiff finally refused to take them they were unfit it was solely because plaintiff had refused to accept them until they became overripe. To those questions the evidence was addressed, and, as we have seen, the jury found for the defendant. The evidence is conflicting, but I think it sustains the verdict.

A great deal of evidence on both sides was directed to the controversy as to whether the defendant, through her agent, had excused performance upon the part of plaintiff. The contention on the part of plaintiff was that the grapes were unfit for shipment, and that nothing could be realized upon them by shipping, and that defendant's agent agreed to this, and refused to deliver them for shipment. This, if true, was a complete defense to defendant's claim for damages, unless she established her further contention that the unfitness of the grapes for shipment resulted from the fact that they were overripe, and that plaintiff had refused to receive and ship them at the proper time. All this was for the jury. But the court, by its instructions, took the matter from the jury, telling them "if the plaintiffs failed to pack the grapes and ship them as they had agreed to ship them, then it is your duty to find for the defendants in this case, and to find for the defendants in any sum that you may find from the evidence they have been damaged by reason of the failure of the plaintiffs to comply with their contract."

The respondent replies to the charge that this was prejudicial error by saying that Wicks was not the agent of Marie A. Curtis, and there was therefore no consent on the part of defendant that plaintiff need not ship the grapes. But, while the evidence upon this subject was conflicting, two witnesses at least testified that Mrs. Curtis herself referred plaintiff's agent to Wicks as the person authorized to act for her; the court was therefore not authorized to assume that Wicks was without

authority. This instruction ignored this special defense to defendants' counterclaim, and was therefore erroneous.

The court also gave the following instruction: "If you find further from the evidence, gentlemen, that the agents of the plaintiff in this case, before entering into the contract with the defendant, inspected the grapes themselves, then it is no defense for the plaintiffs to say that the grapes were not fit to ship; if they inspected the grapes before they entered into the contract they cannot be heard to say anything about the quality of the grapes." I am at a loss to understand upon what theory defendant asked and obtained this instruction. There was no purchase by plaintiff, and the doctrine of *caveat emptor* had no application. Admitting that plaintiff was guilty of a breach of the contract, in that it wrongfully refused to accept and ship the grapes, the question still remained as to the extent of the defendant's damage because of such breach. If, without fault of the plaintiff, the grapes were in such condition that they would have realized nothing if shipped, the defendant has suffered no damage. Defendant was not entitled to the price which could have been realized by the shipment of Malaga grapes of a fair quality, without proof that these grapes were of that quality, and it was open to the plaintiff to show, if it could, that defendant's grapes were of an inferior quality. If the plaintiff neglected to make timely shipments, and is without excuse in so doing, this could be taken into consideration, and the quality of the grapes determined by their condition when they should have been shipped. Upon all these questions there was much evidence.

The errors pointed out were not cured by any other instructions.

Judgment and order reversed, and new trial ordered.

HENSHAW, J., and McFARLAND, J., concurred.