[Civ. No. 5458. First Appellate District, Division One.—April 15, 1926.]

EDNA A. CURRAN, Respondent, v. EARLE C. ANTHONY, INC. (a Corporation), Appellant; ALMOND HOUSTON, Defendant.

[1] NEGLIGENCE—DEATH OF AUTOMOBILE PASSENGER—RIGHT TO DIRECT OR CONTROL OPERATION OF AUTOMOBILE—EVIDENCE.—In an action for the death of plaintiff's husband, resulting from the negligent operation of an automobile by an automobile salesman in the employ of the defendant corporation and in which deceased was riding for the purpose of assisting said salesman in the demonstration of the car to a prospective purchaser, evidence that one of the purposes of the deceased was to aid the salesman, who at all times operated the car, and that deceased suggested the route to be followed during the demonstration, is insufficient to raise the inference that the deceased had an equal or any right to direct or control the operation of the car or the conduct of the driver.

[2] ID.—JOINT ENTERPRISE—WHAT CONSTITUTES.—Parties cannot be said to be engaged in a joint enterprise within the meaning of the law of negligence, unless there is a community of interest in the objects or purposes of the undertaking and an equal right to direct and govern the movements and conduct of each other with respect thereto.

2. See 19 Cal. Jur. 661; 20 R. C. L. 150.

[3] MASTER AND SERVANT—INDEPENDENT CONTRACTOR—DEFINITION.— An independent contractor is one who, in rendering services, exercises an independent employment or occupation, and represents his employer only as to the results of his work and not as to the means whereby it is to be accomplished.

[4] ID.—RIGHT OF CONTROL.—The chief consideration which determines one to be an independent contractor is the fact that the employer has no right to control as to the mode of doing the work contracted for.

[5] ID.—OPERATION OF AUTOMOBILE BY SALESMAN—DIRECTION AND CONTROL BY EMPLOYER—INDEPENDENT CONTRACTOR—NEGLIGENCE—EVIDENCE.—In an action for the death of plaintiff's husband, resulting from the negligent operation of an automobile by an automobile salesman in the employ of the defendant corporation and in which deceased was riding for the purpose of assisting said salesman in demonstrating the car to a prospective purchaser, evidence that it was the salesman's duty, in addition to that of selling cars, to demonstrate cars to prospective buyers; that, although allowed a wide discretion as to his movements and time while so engaged, unless otherwise specially permitted, the use of cars for these purposes was limited to fixed hours each day, and that on the day of the accident, in the absence of the manager of the department with which he was connected, he was engaged at the place of business of defendant corporation in appraising used cars and "trade-ins," supports the inference that the salesman, during working hours as to his duties and the mode of their performance, was subject to the direction and control of defendant corporation, and sustains the finding of the jury that the salesman was the employee of said corporation and not an independent contractor.

[6] ID. — INVITATION TO ACCOMPANY SALESMAN IN DEMONSTRATING AUTOMOBILE — REQUEST OF PROSPECTIVE BUYER — AUTHORITY OF AGENT—EVIDENCE—FINDINGS.—In such action, while it is evident that deceased desired to assist the salesman to make the sale, the testimony also supports the inference that his purpose was to advise the buyer as well, and that it was the wish of the latter that he should so act; and where the invitation to accompany the prospective purchaser at the latter's implied request did not necessarily involve risks which would negative the conclusion that the employer contemplated that his employee should in a proper case extend such invitation, the finding by the jury that the employee in doing so was acting within the scope of his authority is reasonably sustained by the evidence.

---

3.   See 13 Cal. Jur. 1014; 14 R. C. L. 67.
4.   See 13 Cal. Jur. 1019; 14 R. C. L. 67.

[7] PRINCIPAL AND AGENT—NATURE AND EXTENT OF AGENT'S AUTHORITY—CONFLICTING EVIDENCE—PRESUMPTIONS—QUESTION FOR JURY. Where the nature and extent of the authority conferred orally upon an agent are to be determined upon conflicting evidence, or to be implied from facts and circumstances, the question as to the nature and extent of the agent's authority, and whether the particular act in question was within its scope, is, unless but one conclusion can reasonably be drawn from the evidence, one for the jury.

[8] NEGLIGENCE—DEATH OF PASSENGER WHILE ASSISTING AUTOMOBILE SALESMAN IN DEMONSTRATING CAR — INVITEES — AUTHORITY OF SALESMAN—LIABILITY OF EMPLOYER.—In an action for death resulting from the negligent operation of an automobile by a salesman in the employ of defendant corporation and in which deceased was riding during the demonstration of the car to a prospective buyer, the authority of the salesman to extend an invitation to deceased to accompany him during the demonstration being shown, and that the deceased participated in the demonstration not alone for his own pleasure, but for the purpose of rendering a service to the buyer, in which the latter and the employer had an interest in common, the deceased was an invitee, for whose safety the employer was bound to use ordinary care, and was liable for the damage resulting from its omission.

[9] ID. — WITNESSES — IMPEACHMENT — SECTION 2049, CODE OF CIVIL PROCEDURE.—In such action, where the testimony of the salesman as a witness was taken by deposition, at which time he was cross-examined by defendant corporation, and his deposition was read at the trial by plaintiff, the defendant corporation could not, after plaintiff had rested and after said witness had been sworn and examined as a witness by defendant corporation, impeach him by inquiring whether he had ever been convicted of a felony, and offering to prove that he had previously pleaded guilty to a charge of burglary, since the effect of the course pursued by defendant corporation was to make the salesman its own witness, and, while subject to impeachment by contradictory evidence, he could not, under section 2049 of the Code of Civil Procedure, be impeached in the manner proposed, and the objection thereto was properly sustained.

[10] ID.—AUTOMOBILES—EXCESSIVE SPEED—FAILURE OF PASSENGER TO REMONSTRATE—ORDINARY CARE—EVIDENCE.—The duty of a passenger to remonstrate against excessive speed or to withdraw from the vehicle, a reasonable opportunity therefor being afforded, is not absolute, the question whether by failing to do either he is

7. See 1 **Cal. Jur.** 716.
10. See 3 **Cal. Jur.** 854.

wanting in ordinary care being dependent upon the circumstances of the particular case.

[11] ID.—EXERCISE OF CARE BY PASSENGER—QUESTION OF FACT—EVIDENCE.—While one who knows or should know that the driver of an automobile is carelessly operating the car must use ordinary care for his own safety, it being incumbent upon him to take proper steps for his own protection, whether by failing to protest against the course being pursued by the driver, or to leave the vehicle, constitute a want of ordinary care which proximately contribute to his injuries is a question of fact to be submitted to the jury, unless from the evidence but one conclusion might reasonably be drawn.

[12] ID.—CONTRIBUTORY NEGLIGENCE — PROXIMATE CAUSE. — The fault of an injured person does not affect his right of action, unless it proximately contributed to his injuries, and it must be proximate in the same sense in which the defendant's negligence must have been proximate in order to give a right of action.

[13] ID. — DEATH OF AUTOMOBILE PASSENGER — RECKLESS DRIVING — KNOWLEDGE OF PASSENGER—FAILURE TO REMONSTRATE—EVIDENCE —INSTRUCTIONS.—In an action for the death of a passenger in an automobile resulting from the negligence of the driver of the car, it is not error for the trial court to refuse a requested instruction to the effect that, if deceased knew that the driver was careless or reckless, or had a reasonable opportunity to remonstrate with him and withdraw from the vehicle, and failed to do so, the verdict should be for defendants, where it cannot be said as a necessary conclusion from the evidence that deceased was wanting in ordinary care in any of the particulars specified in the proposed instruction, the effect of which would have been to withdraw from determination by the jury the question whether deceased was wanting in ordinary care in failing to remonstrate or withdraw from the vehicle, and whether such want of ordinary care proximately contributed to the injury, and where by a given instruction the jury was correctly instructed as to the duty of a passenger under the conditions shown by the evidence.

(1) 29 Cyc., p. 545, n. 26, p. 549, n. 52, 53, p. 631, n. 54.   (2) 29 Cyc., p. 543, n. 9.   (3) 39 C. J., p. 1315, n. 1.   (4) 39 C. J., p. 1316, n. 7.   (5) 39 C. J., p. 1359, n. 54.   (6) 39 C. J., p. 1053, n. 24.   (7) 2 C. J., p. 962, n. 19.   (8) 39 C. J., p. 269, n. 71, p. 283, n. 4 New. (9) 40 Cyc., p. 2559, n. 65.   (10) 29 Cyc., p. 551, n. 64.   (11) 29 Cyc., p. 551, n. 65, p. 640, n. 13.   (12) 29 Cyc., p. 526, n. 95, p. 527, n. 98.   (13) 38 Cyc., p. 1646, n. 12, p. 1647, n. 13, p. 1707, n. 98.

12.   See 19 Cal. Jur. 649.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

James P. Sweeney, Thomas, Beedy & Lanagan and Thomas, Beedy & Presley for Appellant.

Harry I. Stafford, Cyril Appel and Ivores R. Dains for Respondent.

CASHIN, J.—An action by Edna A. Curran, the surviving wife of Daniel M. Curran, to recover damages for the death of the latter, alleged to have resulted from the negligence of appellant, Earle C. Anthony, Inc., a corporation, and Almond Houston, codefendants in the action. A verdict was returned by a jury, on which judgment was entered against both defendants and from which the corporation has appealed.

Appellant was on July 22, 1922, a dealer in new and used automobiles with its place of business in San Francisco, defendant Houston being in its employ. Among the duties of the latter was that of demonstrating to prospective purchasers the used automobiles for sale by appellant, occasionally rendering assistance at its place of business in appraising used cars, his compensation, however, being limited to commissions on the price of cars sold by him. Curran, who had formerly been in the employ of appellant, was acquainted with Houston, and from time to time communicated to him the names of prospective buyers, his services in that connection being gratuitous. On the date mentioned Curran informed Houston that one O'Doan was desirous of acquiring an automobile, and an appointment was made with the latter for the evening of the same day. At the appointed time and place Curran, O'Doan, and Houston met, the latter having in his possession a car owned by appellant the characteristics of which Curran had already discussed with O'Doan. The three, with two others who happened to be present but who were not in the employ of appellant, entered the car and rode therein, Houston driving, to a point on an avenue leading over Twin Peaks, in the city

mentioned, where, due to the negligence of the latter in his operation of the car, Curran was killed.

Appellant urges as ground for reversal that the deceased was engaged in a joint enterprise with Houston and that the latter was an independent contractor; that, assuming him to have been the agent of appellant, his invitation to the deceased to ride in the car was beyond the scope of his authority; and further assigns as error certain rulings by the court as to the admissibility of evidence, and its refusal to give certain instructions offered by appellant and its modification of others.

[1] In the instant case, though it appears from the evidence that one of the purposes of the deceased was to aid the salesman, the latter at all times operated the car; and other than the fact that the former suggested the route which should be followed during the demonstration it cannot reasonably be inferred from the testimony that the deceased had an equal or any right to direct or control its operation or the conduct of the driver. [2] As held in *Bryant* v. *Pacific Elec. Ry. Co.,* 174 Cal. 737, 741 [164 Pac. 385] , parties cannot be said to be engaged in a joint enterprise within the meaning of the law of negligence unless there is a community of interest in the objects or purposes of the undertaking and an equal right to direct and govern the movements and conduct of each other with respect thereto. Each must have some voice and right to be. heard in its control and management. (*People* v. *Halpern,* 193 Cal. 168 [223 Pac. 470].) [3] An independent contractor is one who in rendering services exercises an independent employment or occupation, and represents his employer only as to the results of his work and not as to the means whereby it is to be accomplished (*Barton* v. *Studebaker Corporation, etc.,* 46 Cal. App. 707 [189 Pac. 1025] ; *Green* v. *Soule,* 145 Cal. 96, 99 [78 Pac. 337] ). [4] As was said by the court in the latter case, the chief consideration which determines one to be an independent contractor is the fact that the employer has no right to control as to the mode of doing the work contracted for. [5] In the case at bar while Houston's compensation was limited to a percentage of the price of cars sold by him, it appears from the evidence that it was his duty in addition to that of soliciting business to demonstrate to prospective buyers the various cars

owned by appellant; that although allowed a wide discretion as to his movements and time while so engaged, unless otherwise specially permitted the use of cars for these purposes was limited to fixed hours each day. It further appears from his testimony that on the day of the accident, the manager of the department with which he was connected being absent, he was engaged at the place of business of appellant "in doing the appraising of used cars and trade-ins." This evidence reasonably supports the inference that Houston was during working hours as to his duties and the mode of their performance subject to the direction and control of appellant, and sustains the finding of the jury on the issue as to the character of his employment.

[6] The evidence further shows that the deceased was invited by Houston to accompany O'Doan, the prospective buyer, during the demonstration; and it was impliedly found by the jury that the salesman in doing so was acting within the scope of his authority. In this connection it was testified by Houston that upon the arrival of the deceased and O'Doan at the place appointed the latter expressed his purpose to buy the car then in the salesman's possession provided it possessed the qualities represented by the deceased; that both requested that a demonstration be then given, further testifying that the deceased, being a friend of the buyer, was "doing the talking" after the trip commenced for the reason, as expressed by the witness, that "naturally being a friend of the man who was purchasing the car he would have confidence in him, that is, more than in me, because he knew I was trying to sell the car—in fact he was selling him the car, you could put it that way, he was selling the car. The man had more confidence in him than he had in me naturally, and if I would be telling him what the car was and the kind it was and one thing and another he would figure that was my business." While it is evident that the deceased desired to assist the agent to make the sale the testimony also supports the inference that his purpose was to advise the buyer as well, and that it was the wish of the latter that he should so act. A request, expressed or implied, by a prospective buyer that a qualified third person be present when property for which he is negotiating is to be examined or tested is not unusual; and where, as here, the invitation to accompany the prospective

purchaser at the latter's implied request did not necessarily involve risks which would negative the conclusion that the employer contemplated that his employee should in a proper case extend such invitation, the finding by the jury that the employee in doing so was acting within the scope of his authority is reasonably sustained by the evidence. [7] Where the nature and extent of the authority conferred orally upon an agent are to be determined upon conflicting evidence or to be implied from facts and circumstances the question as to the nature and extent of the agent's authority, and whether the particular act in question was within its scope, is, unless but one conclusion can reasonably be drawn from the evidence, one for the jury (2 Cor. Jur., Agency, p. 962; *Earl Fruit Co.* v. *Curtis,* 116 Cal. 632 [48 Pac. 793]).

[8] The authority of the agent being shown, and that the deceased participated in the demonstration not alone for his own pleasure but for the purpose of rendering a service to the buyer in a transaction in which the latter and the employer had an interest in common, the deceased was an invitee, for whose safety the employer was bound to use ordinary care, and was liable for the damage resulting from its omission (*Foster Lumber Co.* v. *Rodgers* (Tex. Civ. App.), 184 S. W. 761; *Royal Indemnity Co.* v. *Platt etc. Co.,* 98 Misc. Rep. 631 [163 N. Y. Supp. 197]; *Adams* v. *Tozer,* 153 App. Div. 751 [149 N. Y. Supp. 163]; Civ. Code, sec. 2338).

[9] It is contended that the court erred in sustaining objections to appellant's inquiry of the witness Houston as to whether the latter had been convicted of a felony, and to its offer to prove that he had previously pleaded guilty to a charge of burglary in this state. The testimony of the witness was taken by deposition, which was read by respondent at the trial. At the time the deposition was taken the witness was cross-examined by appellant, no foundation being then laid for impeachment upon the ground thereafter urged. This deposition was offered and read in evidence by respondent at the trial, the witness not being called to testify, though present in court. Respondent having rested, Houston was sworn and examined as a witness for appellant, and was asked as to certain statements made by him at a hearing before the coroner of the city and county of

San Francisco held after the death of Curran, which tended to contradict his testimony contained in the deposition. This evidence having been admitted appellant then for the first time sought to impeach the witness upon the ground mentioned. Though the witness was a party to the action no appearance therein was made by him and no evidence offered on his behalf. The question asked as the foundation for the impeachment was one which properly should have been asked at the time the deposition was taken, or by recalling the witness for further cross-examination before the close of respondent's case. The effect of the course pursued by appellant was to make Houston its own witness, and, while subject to impeachment by contradictory evidence, he could not be impeached in the manner proposed (Code Civ. Proc., sec. 2049), and the objection thereto was properly sustained.

It is further contended by appellant that the court erred by refusing the following instructions:

"You are instructed that if a driver be careless or reckless in his conduct and this is known to the passenger, and there be reasonable opportunity to do so, it would be the passenger's duty to caution the driver and remonstrate with him, and if the driver persisted in his improper conduct leave the vehicle.

"You are instructed that a passenger in an automobile may be negligent in continuing to ride with a driver who is manifestly incompetent or inattentive to his duty. If you find from the evidence that the defendant Houston was driving negligently or carelessly, or was manifestly incompetent or inattentive to his duty, and that the said Daniel M. Curran knew or should have known that such was the case, I instruct you that it was his duty to remonstrate with said Houston concerning the operation of the car and to have insisted upon the automobile being stopped so that he, the said Curran, might remove himself therefrom if the said Houston continued to operate the automobile negligently or carelessly.

"I therefore instruct you that if you find that the defendant Houston was manifestly incompetent or inattentive to his duty, and that this was known or should have been known by Daniel M. Curran at the time, and that the said

Curran failed to remonstrate with said Houston, your verdict should be for the defendants."

[10] The duty of a passenger to remonstrate against excessive speed or to withdraw from the vehicle, a reasonable opportunity therefor being afforded, is not absolute, the question whether by failing to do either he is wanting in ordinary care being dependent upon the circumstances of the particular case (*Dowd* v. *Atlas T. & A. Service Co.*, 187 Cal. 523 [202 Pac. 870]). [11] While one who knows or should know that the driver is carelessly operating the car must use ordinary care for his own safety, and it is incumbent upon him to take proper steps for his own protection, still whether failure to protest against the course being pursued by the driver, or to leave the vehicle, constituted a want of ordinary care which proximately contributed to his injuries was a question of fact to be submitted to the jury unless from the evidence but one conclusion might reasonably be drawn. (*Nichols* v. *Pacific Elec. Ry. Co.*, 178 Cal. 630 [174 Pac. 319]; *Thompson* v. *Los Angeles & San Diego Beach Ry. Co.*, 165 Cal. 748 [134 Pac. 709]; *Parmenter* v. *McDougall*, 172 Cal. 306 [156 Pac. 460]; *Fijuse et al.* v. *Los Angeles Ry. Co.*, 12 Cal. App. 207 [107 Pac. 317].)
[12] The fault of the injured person does not affect his right of action unless it proximately contributed to his injuries. It must be proximate in the same sense in which the defendant's negligence must have been proximate in order to give a right of action (*Richmond* v. *Sacramento Valley R. R. Co.*, 18 Cal. 351; *Flynn* v. *San Francisco & S. J. R. R. Co.*, 40 Cal. 14 [6 Am. Rep. 695]; *Fernandes* v. *Sacramento City Ry. Co.*, 52 Cal. 45).

[13] In the instant case it cannot be said as a necessary conclusion from the evidence that the deceased was wanting in ordinary care in any of the particulars specified in the proposed instructions, the effect of which would have been to withdraw from determination by the jury the question whether deceased was wanting in ordinary care in failing to remonstrate or withdraw from the vehicle under the circumstances stated, and whether such want of ordinary care proximately contributed to the injury.

On the question of the duty of a passenger to use care for his own safety the following instruction was given by the court;

"I further instruct you that a passenger in an automobile operated by another not for hire is required to use ordinary care for his own safety. If he is aware that the operator is carelessly operating the automobile, or is carelessly rushing into danger, it is incumbent upon him to take such steps as an ordinarily prudent person would take under the same circumstances for his own safety.

"I therefore instruct you that if you find from the evidence that said Daniel M. Curran, while a passenger in the automobile in which he met his death, by the exercise of ordinary care could have avoided the injuries which he received, then your verdict should be for the defendants."

This instruction, with the exception of the words "not for hire"—which were inserted therein by the court—was offered by appellant, and as modified correctly stated to the jury the duty of a passenger under the conditions shown by the evidence in the instant case.

The evidence being sufficient to sustain the verdict, and no error being shown, the judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 14, 1926.