[L. A. No. 4551.    Department Two.—August 2, 1918.]

## MILDRED NICHOLS, Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), et al., Appellants.

NEGLIGENCE—COLLISION BETWEEN ELECTRIC CAR AND AUTOMOBILE—INJURY TO GUEST IN AUTOMOBILE—EXERCISE OF CARE BY GUEST—QUESTION FOR JURY.—In an action for damages for personal injuries received in a collision between an electric railway car and an automobile in which plaintiff was riding as a guest, the question whether the plaintiff was negligent in riding in the automobile while it was being driven at an excessive rate of speed without herself taking any precautions to ascertain whether or not the car was approaching, is one for the jury under proper instructions by the court.

ID.—CREDIBILITY OF WITNESSES—INSTRUCTION.—The general instruction in this case as to jury's duty in judging the facts and the credibility of witnesses is approved.

ID.—BELIEF OF TESTIMONY.—The statement in such instruction, "You are not bound to believe the testimony of any witness unless such testimony imports verity and establishes conviction in your minds," is to be considered as a part of the whole instruction, and means that the jury is never bound in law to believe the testimony of any witness that they do not in fact believe.

ID.—CONTRIBUTORY NEGLIGENCE—CONSIDERATION OF ALL THE EVIDENCE. The question of contributory negligence is to be determined from all the evidence in the case.

ID.—NEGLIGENCE OF DRIVER—INSTRUCTION.—Where both the railway company and the driver of the automobile are defendants, and a verdict is rendered against both on the ground of negligence, the former cannot complain of an instruction concerning the driver's negligence as being too favorable to the driver, since his negligence is not imputable to the plaintiff.

ID.—DUTY OF DRIVER TOWARD GUEST.—The driver, a carrier of persons without reward, owes to the guest the duty to use a reasonable degree of care for the safety of such guest.

APPEAL from a judgment of the Superior Court of Los Angeles County.    Paul J. M'Cormick, Judge.

The facts are stated in the opinion of the court.

Barstow, Beach & Rohe, Frank Karr, and R. C. Gortner, for Appellants.

Hindman & Yakey; for Respondent.

WILBUR, J.—Defendants appeal from a judgment rendered in favor of the plaintiff for damages received by her in a collision between an electric railway car operated by the defendant Railway Company and an automobile operated by the defendant Negley, in which plaintiff was riding as a guest. Defendant Railway Company relies upon the defense of contributory negligence, it being claimed that the plaintiff was negligent in riding in the automobile of defendant Negley while it was being driven at a dangerous speed, without herself taking any precautions to ascertain whether or not the car of the defendant Railway Company was approaching. The automobile had a single seat and plaintiff was seated at the left of the defendant Negley, who was driving the car, and on her lap was seated a Mrs. Collins. Plaintiff testified that the speed of the automobile was not excessive, and explained her statement in her complaint that the defendant Negley was driving his automobile at a rapid and dangerous rate of speed by saying, "His speed was rapid or he would not have hit the car. What I would call an excessive rate of speed would be the speed at which we were going to hit the car. I can only say that it was rapid and dangerous enough to hit the car." Her first knowledge of the danger of a collision was the fact of the collision.

The question as to whether or not the plaintiff, while passenger or guest in an automobile, exercised ordinary care upon approaching the tracks of a railway company is a question for the jury, under proper instructions by the court. (*Irwin* v. *Golden State Auto Tour Co.* (Cal.), 171 Pac. 1059.)

The court gave the following instruction: "You are the sole and exclusive judges of the facts in this case, and of the credibility of the witnesses. Your power of judging, however, is not arbitrary, but must be exercised with legal discretion, and in subordination to the rules of legal evidence. You are not bound to believe the testimony of any witness unless such testimony imports verity and establishes conviction in your minds, nor are you bound to decide in conformity with the declarations of any number of witnesses

which do not produce conviction in your minds as against a lesser number, or against other evidence satisfying your minds. Every witness is presumed to speak the truth. This presumption may be repelled by the manner in which he or she testifies, by his or her interest in the case, if any is shown by the evidence, his or her partiality or impartiality, by the reasonableness or unreasonableness of any statement he or she makes, by his or her candor and fairness or lack thereof, and by any other fact or circumstance elicited during the trial which may aid you, in determining as to whether the witness has spoken the truth."

This is an excellent presentation of the jury's duty. Exception is taken to the clause, "You are not bound to believe the testimony of any witness unless such testimony imports verity and establishes conviction in your minds." It should be observed that the court in this sentence is not dealing with the measure of proof or instructing the jury with relation to a preponderance of the evidence, but is instructing them with reference to their duty in weighing the testimony of the several witnesses. It should, of course, be considered as a part of the whole instruction. The jury is never bound in law to believe the testimony of any witness that they do not in fact believe, and this is the meaning of this portion of the instruction.

The Railway Company also complains of the instruction that, "in order to hold the plaintiff guilty of contributory negligence you must find from *all* the evidence in the case that the plaintiff . . . failed to do that which a person of ordinary prudence and caution, etc., would have done," the particular objection being directed to the use of the word "all." The instruction was proper. The jury was required to pass upon all the evidence in the case in arriving at a verdict.

The following instruction is also complained of by the defendant Railway Company: "Defendant Negley had a right to assume that if a street-car was proceeding along its tracks on Sixth Street toward Crocker, that some signal would be given by it of its approach, and he also had the right to assume that it would proceed at a moderate rate of speed and within the limit of speed as fixed by the governing ordinance, and he also had the right to assume that the motorman would operate said street car in a careful and prudent

manner." Other instructions were given in connection with the question of defendant Negley's negligence. The jury found that both defendants were negligent. Even if the instructions, taken together, were too favorable to defendant Negley on the question of whether or not he was guilty of negligence, the jury found him negligent. The defendant Railway Company cannot complain of such instruction, for Negley's negligence, if any, was not imputable to the plaintiff. (*Tousley* v. *Pacific Electric Ry. Co.*, 166 Cal. 457, [137 Pac. 31].)

The defendant Negley claims that his motion for a nonsuit should have been granted, for the reason that there was no proof of negligence on his part. The testimony tended to show that he was driving about fifteen miles an hour at the time, at the intersection of Crocker and Sixth Streets—a well built-up section of the city of Los Angeles; that he did not slow down previous to the collision; that at the intersection of these two streets a hotel building extended to the sidewalk, occupying the southwest corner of Crocker & Sixth Streets. The collision occurred between the north-bound automobile and the east-bound street-car. The hotel, therefore, obscured the view of the driver of the automobile in the direction from which the car was approaching. The question of whether or not the automobile was being driven at an excessive speed was a question for the jury. Under this condition of the evidence the motion for nonsuit was properly denied. For the same reason it cannot be said that the evidence is insufficient to justify the verdict against the defendant Negley. The jury was properly instructed that defendant Negley owed to the plaintiff, his guest, "a reasonable degree of care for the safety of such guest, and that if the accident or collision between the automobile and the electric car was directly and proximately caused by the negligence of Negley, or the concurrent negligence of both, the plaintiff was entitled to recover against Negley unless she was guilty of contributory negligence." "A carrier of persons without reward must use ordinary care and diligence for their safe carriage." (Civ. Code, sec. 2096. See, also, *Fitzjarrell* v. *Boyd*, 123 Md. 497, [91 Atl. 547].)

The judgment is affirmed.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.