[Civ. No. 3436.  Second Appellate District, Division One.—January 12, 1921.]

GENE CARPENTER et al., Appellants, v. THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY (a Corporation), Respondent.

[1] NEGLIGENCE—DRIVER OF AUTOMOBILE—DUTY OF PASSENGER—IMPUTED NEGLIGENCE—EXERCISE OF CARE—PRESUMPTION.—While the negligence of the driver of an automobile cannot be imputed to a person riding with him as a passenger where the latter has no control over the former or over the operation of the automobile, nevertheless such passenger is in duty bound to exercise ordinary care for his own safety, without which the injury received would be attributable to his own negligence; and in the absence of evidence to the contrary, the law presumes that he did everything that a reasonably prudent man would have done under the same circumstances for the protection of his own safety.

[2] ID.—DEATH OF AUTOMOBILE PASSENGER—ACTION FOR DAMAGES—CONTRIBUTORY NEGLIGENCE—EVIDENCE.—In an action for damages for the death of an automobile passenger, as the result of a collision between the automobile and the defendant's train, assuming that the deceased, when the automobile reached a point thirty feet distant from the crossing and traveling at a speed of only four miles per hour, saw the train three hundred feet away therefrom and approaching at a high rate of speed, it cannot be said as a matter of law that his failure to interfere with the driver's operation of the car rather than to rely upon the latter's judgment in escaping the threatened danger, or that his failure to leave the car, constituted contributory negligence.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge. Reversed.

The facts are stated in the opinion of the court.

T. M. McNamara and Rowen Irwin for Appellants.

E. W. Camp, Robert Brennan and M. W. Reed for Respondent.

1. Negligence of driver of automobile as imputable to occupant or guest, notes, 19 Ann. Cas. 1225; Ann. Cas. 1913B, 684; Ann. Cas. 1915B, 769; Ann. Cas. 1916E, 268; Ann. Cas. 1918B, 841; Ann. Cas. 1918C, 961.

SHAW, J.—At the close of plaintiff's evidence, defendant's motion for a nonsuit was granted, and from the judgment entered thereon plaintiffs have appealed.

Plaintiffs are heirs of C. M. Carpenter, deceased, who died from injuries alleged to have been sustained as a result of defendant's negligent operation of a railway passenger train which collided with an automobile in which deceased was at the time traveling as a passenger.

It appears that Oak Street, in the city of Bakersfield, extends north and south, crossing at right angles the railway tracks of defendant, which at the time in question was operating a passenger train thereon from the west, while W. C. Gibson, in an automobile in which Carpenter was a passenger, was driving south on said street to a point which required him to cross the railway tracks in reaching the destination to which Carpenter had employed Gibson to take him. Gibson was at the wheel of his car on the left side thereof, and Carpenter was sitting beside him on the west side, from which the train was coming. In approaching the railway from the north on Oak Street the view of the railway tracks until within some thirty feet thereof was at the time more or less obstructed by telegraph poles, a fence, growing vegetation, bushes, and cars standing on a spur-track extending in a northwesterly direction. But upon the automobile reaching a point thirty feet distant from the track the view thereof on the west, from which direction the train came, was unobstructed for a distance of three hundred feet. Covering this distance of thirty feet from the track the automobile was operated at a speed of some four miles per hour, while the train approached the crossing at a speed of some thirty-five or forty miles per hour, and while there was at the crossing a wigwag and bell, they were not operated, nor did the men in charge of the train give any signal or warning of its proximity to the crossing until within a few feet thereof, at which time the front wheels of the automobile had crossed the north rail of the track and, while Gibson was trying to back his car, the engine collided therewith and caused the injuries to Carpenter from which he died.

Upon the evidence offered the jury might very properly have found defendant guilty of negligence in operating its train. Gibson, as owner and driver of the automobile, was

familiar with the existence of the crossing, knew that trains were operated over the same at regular intervals, and, conceding that, as claimed by appellants, there was an absence of warning given by defendant's servants of the approach of the train, and that the track could not be seen by one traveling south on Oak Street until within thirty feet thereof, nevertheless it clearly and conclusively appears that when the automobile reached a point thirty feet distant from the track a plain and unobstructed view thereof was afforded for a distance of at least three hundred feet to the west, from which direction the train was coming, and from which point the automobile traveled upgrade to the track at a speed of four miles per hour, during all of which time the approaching train was in plain view. That Gibson neglected the simplest precaution and omitted every duty devolving upon him for the protection of himself and passenger is upon the evidence not open to the slightest question.

[1] We cannot, however, assent to respondent's contention that such gross negligence on the part of Gibson should be imputed to deceased, who had no control over the former or the operation of the car which he occupied merely as a passenger. Indeed, the authorities, in this state at least, are uniformly to the contrary. (*Bresee* v. *Los Angeles Traction Co.*, 149 Cal. 131, [5 L. R. A. (N. S.) 1059, 85 Pac. 152] ; 1 Thompson on Negligence, secs. 500, 502; 7 Am. & Eng. Ency. of Law, p. 447; *Fujise* v. *Los Angeles Ry. Co.*, 12 Cal. App. 207, [107 Pac. 317] ; *Little* v. *Hackett*, 116 U. S. 366, [29 L. Ed. 652, 6 Sup. Ct. Rep. 391, see, also, Rose's U. S. Notes] ; *Ilardi* v. *Central California T. Co.*, 36 Cal. App. 488, [172 Pac. 763] ; *Hermann* v. *Rhode Island Co.*, 36 R. I. 447, [90 Atl. 813].) While Carpenter, the deceased, was not chargeable with the contributory negligence of Gibson, nevertheless he was in duty bound to exercise ordinary care for his own safety, without which, as affirmatively alleged in defendant's answer, the injury received would be attributable to his own negligence. (*Parmenter* v. *McDougall*, 172 Cal. 306, [156 Pac. 460] ; *Bresee* v. *Los Angeles Traction Co.*, *supra*.) In the absence of evidence to the contrary, the law presumes that he did everything that a reasonably prudent man would have done under the same circumstances for the protection of his own safety. (Code Civ. Proc., sec. 1961; *Crabbe* v. *Mammoth Channel G.*

*Min. Co.,* 168 Cal. 500, [143 Pac. 714]; *Baltimore & Potomac R. Co.* v. *Landrigan,* 191 U. S. 461, [48 L. Ed. 262, 24 Sup. Ct. Rep. 137, see, also, Rose's U. S. Notes].) To overcome this presumption defendant invokes not only the conditions in connection with and surrounding the collision, by reason of which it is claimed Carpenter must be deemed to have seen the approaching train, but the uncontradicted testimony of Gibson, wherein he, referring to the travel of the automobile while covering the thirty feet, during which time the train was in sight, said: "I don't think anyone said a word. I don't remember saying anything to Mr. Carpenter or Mr. Carpenter saying anything to me. I don't recall that I was engaged in any conversation at all—not a word, I can recall, was said. The car was making scarcely any noise in its operation." And basing its argument thereon, respondent insists that "deceased did not do anything to prevent the accident; he did not utter a word; he made no effort to leave the automobile." Conceding that deceased did see the approaching train and said nothing to the driver of the automobile or otherwise interfered with his operation thereof, nevertheless we cannot say as a matter of law that by reason of such omission he was guilty of negligence. As said in the Ilardi case: "Such interference by the passenger or guest where the vehicle is about to be placed in a position of danger might prove to be gross imprudence and so disconcert the driver as to cause the disastrous result which such interference was designed to avoid"; in support of which see cases cited. For aught that appears to the contrary, he might have reasonably believed that Gibson intended to and would have either stopped or increased the speed of the car and thus have easily escaped the threatened peril. Hence it cannot be said that deceased was guilty of negligence by reason of his noninterference with the driver's operation of the automobile. As to whether deceased attempted to escape from the automobile, there is no evidence whatever, and in the absence thereof, assuming that under the circumstances he should have attempted to so escape the danger which threatened him, the presumption arises that he did try to leave the automobile. The sole ground upon which the negligence of deceased is predicated is the fact that he could, had he looked, have seen the approaching train, and, therefore, argues respondent, he should in the

exercise of ordinary care for his safety have done something to escape the result of the collision. This question, however, in view of the presumptions arising, is one of fact to be determined by the jury from all the circumstances in the case, for, as said in *Fox* v. *Oakland etc. St. Ry.*, 118 Cal. 55, [62 Am. St. Rep. 216, 50 Pac. 25], "negligence is not absolute, but is relative to circumstances, and it is very rarely that a set of circumstances is presented which enables the court, as a matter of law, to say that negligence has been shown, but, as a general rule, it is a question of fact, or of inference of fact, to be deduced by the jury from the circumstances proved." To the same effect are: *Hennesey* v. *Bingham*, 125 Cal. 627, [58 Pac. 200], and *Maxwell* v. *Fresno City R. Co.*, 4 Cal. App. 747, [89 Pac. 367]. [2] Assuming that deceased, when the automobile which he occupied as a passenger or guest, reached the point thirty feet distant from the crossing, and traveling at a speed of only four miles per hour, saw the train three hundred feet away therefrom and approaching at a high rate of speed, we cannot say, as a matter of law, that his failure to interfere with the driver's operation of the car rather than to rely upon the latter's judgment in escaping the threatened danger, nor that his failure to leave the car, constituted contributory negligence. The question as presented was one of fact which should have been left to the verdict of the jury.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 10, 1921.

All the Justices concurred, except Shaw, J., and Wilbur, J., who voted for granting of petition.