[Civ. No. 4013. First Appellate District, Division One.—January 11, 1922.]

FRANK ARMOCK et al., Respondents, v. UNITED RAILROADS OF SAN FRANCISCO, Defendant; STRINGER STORAGE CO. (a Corporation), Appellant.

[1] NONSUIT—ORDER DENYING MOTION—APPEAL—EVIDENCE.—An order denying a motion for a nonsuit will not be disturbed, although the evidence supporting plaintiff's case is so weak that it might have been granted, if, upon the conclusion of the whole case, there is evidence upon material issues warranting the submission of the case to the jury.

[2] NEGLIGENCE—COLLISION OF STREET-CAR AND AUTOTRUCK—INJURY TO PEDESTRIAN—EVIDENCE—NONSUIT.—In this action for personal injuries alleged to have been received through the concurring negligence of a street railroad company and the owner of an autotruck, the question as to whether the driver of the truck was negligent in crossing the railroad track in the manner testified to by him was a question for the jury; and the motion for nonsuit made by such owner was properly denied.

[3] ID.—RIGHT OF WAY OF STREET-CAR—INSTRUCTION.—An instruction that a street-car has the right of way on that portion of the street upon which it can travel is in and of itself misleading, but without prejudice where followed by other instructions as to the relative rights of street-cars and others in the use of such part of the highway.

[4] MOTOR VEHICLE ACT—INAPPLICABILITY TO STREET-CARS.—The Motor Vehicle Act excludes street railway cars from its operation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Sullivan & Sullivan and Theo. J. Roche for Appellant.

William A. Kelly and Richard O'Connor for Respondents.

KERRIGAN, J.—Action for damages for personal injuries. Plaintiffs, who are husband and wife, sued the United Railroads of San Francisco and the Stringer Storage Company, both corporations, alleging that Dora Armock re-

ceived serious bodily injuries through the concurring negligence of the two companies. Each defendant denied the negligence charged against it, and the Railroad Company pleaded affirmatively contributory negligence on the part of plaintiffs. Trial was had by jury and a verdict in favor of plaintiffs and against defendant Stringer Storage Company was rendered in the sum of two thousand five hundred dollars. The appeal is from such judgment. As ground for reversal it is first claimed that a motion for a nonsuit made by this defendant was improperly denied and should have been granted, for the claimed reason that the evidence showed no actionable negligence against this defendant, but did show a clear case of gross negligence on the part of its codefendant, the United Railroads. In support of their allegations of negligence plaintiffs herein relied solely upon their own testimony. Their evidence in substance shows that on the afternoon of the day of the accident plaintiffs, accompanied by their child, a little girl four years of age, were on their way home. They were proceeding along Eddy Street in an easterly direction toward Webster, and, upon arriving at the intersection of these streets, they were about to cross when they noticed the approach of appellant's truck being driven on Webster Street, traveling in a southerly direction, and also a street-car on Eddy Street belonging to defendant Railroad Company, proceeding on said street in a westerly direction. The car, according to their testimony, was traveling about twice the speed of the truck, which was going at about ten or twelve miles an hour. The truck driver, approaching the intersection of the two streets, sounded his horn, but did not notice the approach of the car until he had reached the track, when he speeded up his vehicle in an attempt to clear the same. A collision occurred and the truck was thrown some distance from the track to the place where the plaintiffs and their child were standing, striking them all, killing the little child and inflicting upon Dora Armock the injuries here complained of. Both the plaintiffs testified that no warning was given by the car of its approach. Under these circumstances it is claimed that the driver of appellant company was not negligent and discharged his duty to the Armocks whose pathway crossed his, and that these facts not only failed to show negligence on the part of appellant Storage Company,

but, on the contrary, did show that plaintiffs were in no manner guilty of contributory negligence, and that the sole responsible cause of the accident was the reckless negligence of the motorman of the defendant Railroad Company, for which reason it is claimed the motion of appellant Storage Company for a nonsuit was improperly denied. We cannot agree with counsel in their contention. After the order denying the motion for nonsuit, further evidence was had which tended to show that the accident was proximately caused through the negligence of the driver of appellant company. [1] The order denying a motion for a nonsuit will not be disturbed although the evidence supporting plaintiff's case is so weak that it might have been granted, if, upon the conclusion of the whole case, there is evidence upon material issues warranting the submission of the case to the jury. (*Peters* v. *Southern Pac. Co.*, 160 Cal. 48 [116 Pac. 400]; *County of Los Angeles* v. *Rindge Co.*, 53 Cal. App. 166 [200 Pac. 27].)

[2] The driver of the truck, who was appellant's chief witness, testified in substance that as he approached the crossing where the accident occurred, he could have seen up and down the track had he looked, and that his reason for not seeing the approaching car was that he did not look to see whether one was approaching or not, his attention being otherwise directed. He further testified that had he seen the car he could have stopped his vehicle within a foot and a half of the track. Other testimony showed that the truck was traveling twenty miles an hour, and that the driver thereof tried to beat the car across the track. The motorman of the defendant Railroad Company testified that he approached Webster Street at or about ten or twelve miles per hour, and that the truck was approaching the crossing at about twenty-five miles an hour, and that he slugged his car as soon as he saw the truck. In the face of this testimony we are of the opinion that there is little merit in appellant's contention. The question as to whether or not the driver of the truck was negligent in crossing the track in the manner he himself testified to was, to say the least, a question of fact for the jury to determine. The motion for a nonsuit was, therefore, properly refused. (*Hamlin* v. *Pacific Electric Ry. Co.*, 150 Cal. 776 [89 Pac. 1109].)

It is further urged that the court erred in its charge to the jury on the subject of the relative rights of the defendants. One of the instructions was as follows:

[3] "A street-car has the right of way on that portion of the street upon which it can travel."

Standing alone this instruction no doubt would be misleading, but it was followed by other instructions as to the relative rights of street-cars and others in the use of the highway occupied by its tracks at crossings. What was meant by the instruction complained of was that the fact that cars are designed only to run on a railroad track gives them a better right to that space, to which the public must give way when necessary. That it was not intended by the instruction to charge the jury that the company's rights were in any other respect superior to that of the public is evidenced by the further instructions which fully informed the jury on this question. The jury was instructed that if the driver of defendant Storage Company was using due care and caution at the time of the accident, no negligence could be imputed to it. It also instructed the jury that while defendant railway had the right to run and operate its cars along and upon its tracks, in so doing it was obliged to exercise ordinary care and caution to avoid coming in contact with vehicles being driven across the tracks. Under these circumstances we do not think that the jury was misled as to the law upon the subject. If more specific instructions were desired concerning the relative rights of the parties, appellants should have asked for them. Appellant did ask for and was refused an instruction to the effect that appellant's driver had the right of way at the crossing when the collision occurred. This instruction was based upon the assumption that the Motor Vehicle Act applied and that under its provisions appellant had the right of way. [4] It is here conceded that the instruction was properly refused, as that act excludes from its operation street railway cars. We are of the opinion that the jury was fully and fairly instructed upon all the issues of the case.

For the reasons given the judgment is affirmed.

Tyler, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 9, 1922.

All the Justices concurred except Shurtleff, J., and Sloane, J., who dissented.

Lennon, J., was absent and Richards, J., *pro tem.*, was acting.