[Civ. No. 4152. Third Appellate District.—June 19, 1931.]

J. T. AUNGST, Respondent, v. CENTRAL CALIFORNIA TRACTION COMPANY (a Corporation), Appellant.

Butler, Van Dyke, Desmond & Harris for Appellant.

Albert E. Sheets for Respondent.

PLUMMER, J.—In this action, tried before a jury, a verdict was returned in favor of the defendant. Upon motion of counsel for the plaintiff a new trial was granted. The defendant appeals from this order.

The facts involved in this action are identical with those presented in the companion cases of *Helen P. Bennett* v. *Central California Traction Co., ante,* p. 1 [1 Pac. (2d) 47], and *G. A. Schilling* v. *Central California Traction Co., ante,* p. 30 [1 Pac. (2d) 53]. A detailed statement of the facts involved is set forth in the opinion of this court filed in the Bennett case on June 13, 1931. In the instant case all the legal questions involved in the Bennett case are again presented, but as we are satisfied with our conclusions in the Bennett case we will content ourselves with referring thereto concerning all questions involving the admission of testimony and the rulings of the court, other than as hereinafter set forth. The testimony introduced in this case being in all respects similar to that introduced in the Bennett case, it is sufficient, without setting it forth, to justify

the ruling that it was sufficient to send the cause to the jury.

The plaintiff began this action under the provisions of section 376 of the Code of Civil Procedure, to recover damages on account of the death of his son, which resulted from the collision mentioned in the Bennett and Shilling cases. The objection is made here that under the terms of that section the motorman should have been joined as a party-defendant. The same objection was raised and considered in the Shilling case. Upon the authority of what is there said, we hold that the objection of the appellant is untenable.

█ As the order granting a new trial in this action makes no reference to the insufficiency of the evidence, it necessarily follows that it must be presumed sufficient evidence was introduced to justify the verdict. The question then arises, are there any rulings of the court which necessitated the granting of the plaintiff's motion? An examination of the record satisfies us that such is the case. As a preliminary to what we will hereafter set forth, we may state that the evidence introduced by the plaintiff was sufficient to make out a *prima facie* case of negligence on the part of the defendant. As said in the case of *Bennett* v. *Central California Traction Co.:* "It is well settled that the driver of a street car on approaching a street intersection, must be vigilant in his watch for automobiles, etc., approaching the tracks, and have his car under control." (Notes in 28 A. L. R., p. 275; also annotations found in 48 A. L. R., p. 1040; *Whitmeyer* v. *Southern Pac. Co.*, 102 Cal. App. 199 [282 Pac. 1005]; *Carey* v. *Pacific Gas & Elec. Co.*, 75 Cal. App. 129 [242 Pac. 97]; *Taylor* v. *Pacific Elec. Ry. Co.*, 172 Cal. 638 [158 Pac. 119].)

█ In addition to the testimony introduced on the part of the plaintiff that no bell was rung or warning given of the approach of the street-car, and that it was traveling in excess of twenty miles per hour, the motorman in this case, just as in the Bennett and Shilling cases, testified that just before reaching the intersection of fifteenth and X Streets, he added additional power to the car and increased its momentum. He likewise testified that he did not see the automobile approaching the intersection, and did not see it until after his car had stopped ninety-seven feet beyond the point of collision. From this testimony it is clear that the jury might

have inferred that the motorman was negligent in not having his car under control, and in not keeping a proper watch for those who might also be using the intersection.

As stated in 46 A. L. R., page 1001, "that where both street car companies and automobiles have the right to use the public streets, the right of each must be exercised with due regard to the rights of the other, and in such a manner as not unreasonably to infringe upon the rights of the other". "While street cars must run upon the tracks provided for them, they have no absolute or pre-eminent right of way over intersections, but must use the same with due regard to the safety and rights of the general public." (*O'Conner* v. *United Railroads*, 168 Cal. 43 [141 Pac. 809].)

A considerable portion of appellant's brief is devoted to the alleged negligence of the driver of the automobile, and for the purposes of this decision it may be admitted that there is sufficient testimony set forth in the transcript to justify the conclusion that the automobile driver was negligent, and that as to him, no cause of action could be maintained. This case, however, does not depend upon the sole negligence of the automobile driver. It is evident from a reference to the facts set forth in the Bennett case and the additional testimony to which we have just referred, that the jury could conclude that the collision was caused by the concurrent negligence of both the driver of the automobile and the motorman in charge of the defendant's car. Under such circumstances a guest riding in the automobile, or in this case, his father, is entitled to maintain an action unless the guest was also guilty of contributory negligence. The law is well settled in this state that one riding as a guest in an automobile is entitled to recover damages from a street railway company for injuries sustained in a collision caused by the concurring and contemporaneous negligence of the automobile driver and the operator of a street-car. (*Nichols* v. *Pacific Elec. Ry. Co.*, 178 Cal. 630 [174 Pac. 319]; *Thompson* v. *Los Angeles Ry. Co.*, 165 Cal. 748 [134 Pac. 709]; *Unger* v. *San Francisco-Oakland Ry. Co.*, 61 Cal. App. 124 [214 Pac. 510]; *Simmons* v. *Pacific Elec. Ry. Co.*, 60 Cal. App. 129 [112 Pac. 637]; *Bibby* v. *Pacific Elec. Ry. Co.*, 58 Cal. App. 658 [209 Pac. 387]; *Switzler* v. *Atchison etc. Ry. Co.*, 104 Cal. App. 138 [285 Pac. 918].)

The duty of a guest riding in an automobile, when approaching an intersection crossed by railroad tracks, will be considered after reference is made to certain instructions given to the jury which we think erroneous.

At the request of the defendant the court gave to the jury instruction No. 22 in the following words: "It was the duty of the driver of the automobile in which Robert Aungst was riding, upon approaching the street car track, to look for the approaching car, and if his view was obstructed, his duty to look before going upon the track continued, and he should at some point before reaching the car track, look for the cars, even though it was necessary for him to stop in order to get an effective view of the track. During this period of time it was his duty to have had his automobile under such control, and to have operated it at such a speed, as to enable him to stop before reaching the track, if on looking, he should observe the approaching street car." Some contention is made by the appellant that as interurban cars were operated over the same line, the "stop, look and listen" rule applies to the instant case the same as where one is approaching a crossing over which steam engines or ordinary railroad trains are operated. The same question was raised in the case of *Callet* v. *Central California Traction Co.*, 36 Cal. App. 240 [171 Pac. 984]. What is said there is applicable here, to wit: "The fact that the appellant operates interurban cars over the track in question does not, in our opinion, affect the merits of the case."

We may further add that the collision involved in this action was not between an interurban train, but was between an ordinary street-car operated by the defendant, and the automobile driven by Thorr. That the "stop, look and listen" rule does not apply to street-cars definitely appears from the case of *Carey* v. *Pacific Gas & Elec. Co.*, 75 Cal. App. 129 [242 Pac. 97], where this court (quoting from the syllabus) said: "The duty of stopping, looking, and listening made incumbent upon one about to cross the right of way of a steam railroad is not the rule governing the rights of foot passengers and vehicle drivers in venturing upon, crossing, or using the tracks of a street railroad, but the duty of such is no higher than or different in law from the duty of the company operating the electric car, saving in the one

particular that, because the car is confined to its tracks, vehicles and foot passengers must give way to clear its passage." (*Hamlin* v. *Pacific Elec. Ry. Co.*, 150 Cal. 776 [89 Pac. 1109].) That the "stop, look and listen" rule does not apply to intersections in cities crossed by street railways, appears from a long list of notes found in 28 .A. L. R. beginning on page 229.

At the request of the appellant the court gave to the jury instruction No. 25 which reads as follows: "If you find from the evidence in this case that the driver of the automobile in which Robert Aungst was riding had, prior to this accident, been driving and operating said automobile while Robert Aungst was riding therein, in a careless, reckless and negligent manner, it was the duty of Robert Aungst to remonstrate with said driver relative to the negligent operation of said automobile. Therefore, if you find that prior to said accident, and while Robert Aungst was riding in said automobile, said automobile was being driven in a careless, reckless and negligent manner, and that Robert Aungst acquiesced in the manner of operation thereof, or failed to remonstrate with the driver of said automobile, Robert Aungst was guilty of negligence, and if you further find that said negligence of Robert Aungst, if any, contributed to the accident in question, then your verdict must be for the defendant."

At the request of the defendant the court gave to the jury instruction No. 26, which reads: "There was a legal duty upon Robert· Aungst to exercise ordinary care and prudence for his own safety. If, from the evidence, you find that Robert Aungst observed the street car of the Central California Traction Company approaching the intersection prior to the accident, at such a time as to enable him to warn the driver of the approach of said street car, and if you further find that the said Robert Aungst, having such knowledge of the approach of said street car, neglected and failed to warn the driver of the automobile, *as early as a reasonably prudent person, under similar circumstances, would have warned him,* Robert Aungst was negligent, and if you further find that such negligence contributed to the injuries which caused his death, then your verdict must be for the defendant and against the plaintiff."

Our attention has not been called to any testimony upon which to base instruction No. 26, and we have not found any which would justify the giving of such an instruction, if it were otherwise a correct statement of the law. In support of this instruction the appellant calls our attention to the recent case of *Cate* v. *Fresno Traction Co.*,* (Cal. App.) [295 Pac. 98]. However, this case has been transferred to the Supreme Court for further hearing, and cannot, therefore, be relied upon as an authority.

In the case of *Brown* v. *Davis,* 84 Cal. App. 180 [257 Pac. 877], this court had before it a similar instruction, and speaking through the late Presiding Justice Finch, we there said: "The court instructed the jury, in effect, that if the defendant was driving at an excessive or dangerous rate of speed, and that fact was known to the deceased 'or was plainly obvious to a reasonable person in her situation', and that she failed to remonstrate with the defendant, she was guilty of contributory negligence. The instruction is so clearly erroneous that it is deemed sufficient to cite *Dowd* v. *Atlas T. & A. Service,* 187 Cal. 523 [202 Pac. 870], and *Curran* v. *Earle C. Anthony, Inc.,* 77 Cal. App. 462 [247 Pac. 236], wherein the duty of a passenger in case of a driver's negligence is considered."

Again, in *Switzler* v. *Atchison etc. Ry. Co., supra,* this court had occasion to examine the question as to the contributory negligence of a guest. We there said: "This question has been before the appeal courts of this state a number of times, and it seems to be pretty well settled that a guest riding in an automobile must use ordinary care and prudence to insure his own personal safety, that is, he must use reasonable care and prudence, as an ordinary prudent person would exercise under like circumstances. However, a guest when not having any control, supervision or management over an automobile, is not placed in the same legal situation as the driver." As stated in *Carpenter* v. *Atchison etc. Ry. Co.,* 51 Cal. App. 60 [195 Pac. 1073]: "Such interference by the passenger or guest where the vehicle is about to be placed in a position of danger might

---

*REPORTER'S NOTE.—The opinion of the Supreme Court in the case of *Cate* v. *Fresno Traction Co.,* filed July 25, 1931, is reported in 213 Cal. —— [2 Pac. (2d) 364].

prove to be gross imprudence and so disconcert the driver as to cause the disastrous result which such interference was designed to avoid." And further: "For aught that appears to the contrary, he might have reasonably believed that Gibson intended to and would have either stopped or increased the speed of the car and thus have easily escaped the threatened peril." The opinion in that case quotes further from a number of other cases, and then the rule approved is as follows: "Assuming that deceased, when the automobile which he occupied as a passenger or guest, reached the point thirty feet distant from the crossing, and traveling at a speed of only four miles per hour, saw the train 300 feet away therefrom and approaching at a high rate of speed, we cannot say, as a matter of law, that his failure to interfere with the driver's operation of the car rather than to rely on the latter's judgment in escaping the threatened danger, nor that his failure to leave the car, constituted contributory negligence. . . . While one who knows, or should know that the driver is carelessly operating the car, must use ordinary care for his own safety, and it is incumbent upon him to take proper steps for his own protection, still, whether the failure to protest against the course being pursued by the driver, or to leave the vehicle, constituted a want of ordinary care which proximately contributed to his injuries, was a question of fact to be submitted to the jury, unless from the evidence but one conclusion might reasonably be drawn. The following cases all show that whether the guest is chargeable with contributory negligence in not protesting with the driver, or doing anything to interfere with his management or control of the car, is a question to be submitted to the jury." (*Crabbe* v. *Mammoth Channel G. Min. Co.*, 168 Cal. 500 [143 Pac. 714]; *Illardi* v. *Central California Traction Co.*, 36 Cal. App. 488 [172 Pac. 763]; *Dover* v. *Archambeault*, 57 Cal. App. 659 [208 Pac. 178]; *Carpenter* v. *Atchison etc. Ry. Co.*, *supra; Curran* v. *Earle C. Anthony, Inc.*, *supra.* See, also, notes, 47 A. L. R. 289.) That the negligence of an automobile driver, even in approaching railway crossings, is not imputable as a matter of law to a passenger having no control or direction, likewise appears from the text found in 3 California Jurisprudence, pages 853, 854 and 855.

The recent case of *Marchetti* v. *Southern Pac. Ry. Co.*, 204 Cal. 679 [269 Pac. 529], is a complete answer to the appellant's contentions. It is there said (quoting from the syllabus): "The negligence of the driver of an automobile cannot be imputed to a passenger therein in the absence of any evidence showing that the latter exercised some control over the driver, or that he possessed the power to supervise or direct the manner in which the automobile should be operated. A passenger in a motor vehicle approaching a railway crossing is under no legal obligation to warn the driver, either of the presence of the tracks or of an approaching train; and while it is the passenger's duty to look and listen, it is not his duty to stop for a successful observation, since he has no authority over the driver, but is fully subject to the latter's action, and he has the right to assume that the driver, on approaching a railway crossing, will exercise due care for the protection and safety of his passengers, and that even when so near the crossing as to be in apparent danger of a collision with an oncoming train, he will take some action to avert an accident."

In addition to the authorities cited we may list the following cases which uphold the same rule: *Bryant* v. *Pacific Elec. Ry. Co.*, 174 Cal. 737 [164 Pac. 385]; *Irwin* v. *Golden State Auto Touring Co.*, 178 Cal. 10 [171 Pac. 1059]; *Nichols* v. *Pacific Elec. Ry. Co.*, 178 Cal. 630 [174 Pac. 319].

We do not need to discuss instructions Nos. 29 and 30 given at the request of the defendant, further than to state that they should be remodeled to conform to what is said in the case of *Armock* v. *United R. R. of San Francisco*, 56 Cal. App. 160 [204 Pac. 856], and other cases cited herein, as to the respective rights of street-car companies and the public at intersections.

We think it evident that the instructions which we have been considering, given to the jury, were prejudicially erroneous, and justify the court in granting a new trial, and therefore, the order is affirmed.

Preston, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 18, 1931, and a peti-

tion by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 10, 1931.