[Civ. No. 8900. First Appellate District, Division Two.—March 22, 1933.]

MARGARET HAGEN, Respondent, v. D. J. METZGER, Appellant.

McCoy & Wetter and Wetter & Rankin for Appellant.

498

Jesse W. Carter, Fred C. Pugh and Glenn D. Newton for Respondent.

STURTEVANT, J.—In an action brought to recover damages for alleged personal injuries the trial court made findings in favor of the plaintiff and from the judgment entered thereon the defendant has appealed.

On the evening of November 2, 1929, a party was held at Mrs. Cone's home near Red Bluff. Some rode with Mr. Naccari and some rode with the defendant. The Cone ranch is southeast of Red Bluff on the east side of the Sacramento River. The house is located on the east side of the highway. When the party arrived at the ranch Mr. Naccari parked his car on the east side of the highway about twenty feet north from the gate and the defendant did the same thing except his car was parked about twenty feet south of the gate. Both cars were facing south. When the party broke up the guests went out together. Those who had gone down in the Naccari car returned to it and those who had gone in the defendant's car returned to it. The latter included Mr. and Mrs. Wall, Miss Hagen, the plaintiff, and Mr. and Mrs. Metzger. When all of his passengers had taken their seats the defendant started up his car in low gear and, continuing in that gear, commenced to make a right-hand circular turn to drive north on the highway. While parked, his car had been about twenty feet east of the paved portion of the highway, which is about fifteen feet wide. As the defendant moved forward and when about fifteen feet from the highway he looked to the north and saw an automobile approaching at a considerable distance. To the north the highway is straight and one can see a mile or more. To the south, and a short distance from the place where the defendant was attempting to make his turn, the highway dips and furthermore there is a turn in it. Having observed the car to the north the defendant turned his eyes to the south and kept his outlook in that direction as he continued to make the turn. When he had proceeded to the west so that the front part of his car was on the west side of the highway and his rear wheels were about two feet to the east from the westerly line of the highway and on the traveled portion thereof, and before the turn was half completed,

the automobile which he had seen to the north of him came down at a speed of thirty-eight miles per hour and hit the defendant's car on the right-hand rear door thereof. The latter car was driven by Mr. Grissom, but he was not made a party defendant. In the meantime Mr. Naccari had started to back and turn to the north. In doing so he saw the Grissom car approaching from the north and therefore moved forward until the Grissom car had passed. There was testimony that there was at times considerable traffic on the highway. Before the party left the Cone residence there was some talk of going south to Los Molinos before returning to Red Bluff. The plaintiff testified that before the accident happened she did not know the defendant was going to make the circular turn. She also testified that when she saw the movement that was being made she looked to the north to see conditions and as she did so the Grissom car was immediately to her right and the collision occurred an instant later. Much is contained in the record about whisky in the Grissom car, but he was not a party to this action and there is no claim being made that the defendant knew the car which he saw approaching from the north was being operated by a drunken driver. That factor was, therefore, a false issue in this case.

The defendant claims that the evidence does not support the finding that he was guilty of gross negligence. (California Vehicle Act, Stats. 1929, p. 1580, chap. 787.) He points to the fact that the record shows he looked to the north and saw the Grissom car and then he looked to the south and continued looking in that direction and he claims such acts showed slight care at least. But those very facts have another aspect. The plaintiff might well contend that when the defendant was in a place of safety he saw a car approaching from the north; that it was midnight and his powers of vision and measuring distances were thus greatly limited; and that notwithstanding these circumstances he intentionally and deliberately turned his eyes from the oncoming car and looked in the opposite direction, and, keeping his outlook in that direction, proceeded in low gear to make the turn and in doing so drove into the path of the oncoming car without again looking to see how close it was. It is settled law that the issue whether a party has been guilty of gross negligence is a question of fact for the

determination of the trier of the facts (*Taylor* v. *Cockrell*, 116 Cal. App. 596 [3 Pac. (2d) 16]) and, considering each and all of the foregoing circumstances, it may not be said that the finding on that issue against the defendant is not sustained by the evidence. (*Kastel* v. *Stieber*, 215 Cal. 37 [8 Pac. (2d) 474].)

■. The defendant also claims that the plaintiff was guilty of contributory negligence. As we understand the argument, it is that this plaintiff should have ascertained the fact and should have told the defendant a car was approaching from the north. But, as recited above, she understood the defendant intended to drive south and she did not know, until the instant of the impact, that he was going to attempt to turn to the north. Nor until that instant did she know of the approach of the Grissom car. Furthermore, she was not bound to assume that the defendant would act negligently and warn him accordingly. (*Aungst* v. *Central California Trac. Co.*, 115 Cal. App. 113, 118 [1 Pac. (2d) 56]; *Cate* v. *Fresno Traction Co.*, 213 Cal. 190, 201 [2 Pac. (2d) 364].)

■ The defendant also complains of the amount of the verdict. In effect he complains that the plaintiff is a malingerer. On the other hand, the plaintiff introduced proof to the effect that she is by profession a trained nurse and earns her living by being on her feet many hours in the day and by doing a considerable amount of lifting. She introduced evidence to the effect that her right hip-bone was broken; that the bone has not made a union; and that she has become permanently afflicted. The evidence was decidedly conflicting as to the nature of the injury. However, if the trial court believed the testimony produced by the plaintiff, and from its findings we must assume that it did, the verdict was not excessive because under the theory of the plaintiff her health has been greatly impaired and she has been incapacitated, to a considerable extent, from rendering the services required of one in her profession.

The judgment is affirmed.

Spence, J., concurred.